**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

TIFFANY HENSLEY,

     Plaintiff,

v.                                                                    No. 1:25-cv-01104-STA-jay

BENTON COUNTY, TENNESSEE;
CHRIS RICHARDS, *Sgt. – in his individual capacity*;
SEAN BECK, *Deputy – in his individual capacity*;
AVERY HICKS, *Sgt. – in her individual capacity*; and
BETHANY WILSON, *in her individual and official capacities*.

     Defendants.

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Bethany Wilson's motion to dismiss (Docket Entry ["D.E."] 24-25), Plaintiff Tiffany Hensley's motion for preliminary injunction and request for expedited relief (D.E. 28), and Plaintiff's motion to reissue process on Defendant Wilson in her official capacity (D.E. 35.)

This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05). For the reasons set forth below, it is recommended that Defendant Wilson's motion to dismiss be **GRANTED** and, as a result, Plaintiff's motion to reissue service on Defendant Wilson be **DENIED AS MOOT**. It is further recommended that Plaintiff's motion for preliminary injunction be **DENIED**.

1

# I. Background

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging that she was subjected to an illegal search and seizure of her home on March 31, 2025, by members of the Benton County Sheriff's Department who seized from her home a shotgun, ammunition, prescription bottles, and a glass pipe. (*See generally* 2d Am. Compl., D.E. 12.) As a result of the search and seizure, Plaintiff was charged with drug and child abuse offenses. (*Id.*)

Defendant Wilson is a Tennessee Department of Children's Services ("DCS") caseworker who visited Plaintiff on April 1, 2025. (*Id.* at 4, ¶ 22, PageID 74.) According to Plaintiff, during this visit, Defendant Wilson "found no imminent danger or exigent circumstances." (*Id.*) Plaintiff further alleges that a week after this visit, Defendant Wilson returned and "falsely told Plaintiff that a court order was in effect requiring the removal of her child." (*Id.* at ¶ 23.) Defendant Wilson also allegedly "later admitted no court order had been entered at the time, and coerced Plaintiff to sign over custody under duress." (*Id.* at ¶ 24.)

Plaintiff filed her initial Complaint on April 24, 2025. (D.E. 1.) A few days later, on May 1, 2025, Plaintiff filed her first motion for preliminary injunction and request for expedited relief. (D.E. 7.) In that motion[1], Plaintiff sought an order enjoining DCS from requiring her to submit to hair follicle drug screening "without a valid court order or evidence of necessity," and to order DCS to return her daughter to her custody or, alternatively, to begin reunification proceedings. (*Id.* at 3-4, ¶¶ 1, 4, PageID 35-36.)

Plaintiff's daughter returned to her on May 8, 2025. (D.E. 12 at 4, ¶ 26, PageID 74.) On May 11, 2025, Plaintiff filed a Notice of Mootness indicating that the basis for the injunctive relief she sought no longer existed because she had been reunified with her daughter. (D.E. 9.) The

---

[1] Hensley's first motion for preliminary injunctive relief was ordered sealed due to it containing a minor's name.

2

undersigned issued a report and recommendation that Plaintiff's motion for preliminary injunction be denied as moot, and the Court adopted the report and recommendation. (D.E. 14, 20.)

On May 19, 2025, the undersigned ordered Plaintiff to file a second amended complaint[2] to address several pleading deficiencies before her action could be screened pursuant to 28 U.S.C § 1915(e)(2)(B). (D.E. 11.) Plaintiff timely filed a Second Amended Complaint, and the undersigned ordered that process be issued and effectuated. (D.E. 13.)

On June 25, 2025, Defendant Wilson, sued in both her individual and official capacities, moved to dismiss Plaintiff's claims brought against her. (D.E. 24.) Plaintiff filed a response in opposition, Defendant Wilson filed a reply, and, with leave of the Court, Plaintiff filed a sur-reply. (D.E. 29, 33, and 38.) Plaintiff also filed a motion to reissue service on Defendant Wilson in her official capacity. (D.E. 35.)

In addition, on June 26, 2025, Plaintiff re-filed her motion for preliminary injunction and request for expedited relief. (D.E. 28.) As requested in her first motion for preliminary injunction, Plaintiff is again seeking an order enjoining DCS from requiring her to submit to hair follicle drug screening "without a valid court order or evidence of necessity," and to order DCS to return her daughter to her custody or, alternatively, to begin reunification proceedings.[3] (D.E. 28 at 3-4, ¶¶ 1,4, PageID 215-16; *see also* D.E. 7 at 3-4, ¶¶ 1, 4, PageID 35-36.)

## II.  Motion to Dismiss

Defendant Wilson moves for dismissal on several grounds. First, she submits that this Court lacks subject matter jurisdiction over her in her official capacity because of Eleventh Amendment

---

[2] After the Court granted Plaintiff leave to proceed without paying the filing fee but before the Court screened her Complaint, Plaintiff filed an Amended Complaint. (D.E. 8.)

[3] Other than redacting her daughter's name, it appears that the instant motion for preliminary injunction is an exact duplication of her previously filed motion for preliminary injunction.

sovereign immunity and that Plaintiff lacks standing to seek declaratory or injunctive relief. Next, Defendant Wilson, in her official capacity, argues that the Court lacks personal jurisdiction due to insufficient service of process. Finally, Defendant Wilson argues that Plaintiff has failed to state a claim upon which may be granted against her in either her official or individual capacity. She contends that Plaintiff has failed to plausibly allege that she suffered any due process violations – either substantive or procedural. Wilson also puts forth that she is entitled to qualified immunity in her individual capacity.

In her response in opposition, Plaintiff argues that the *Ex parte Young* exception applies in this case as she seeks prospective injunctive and declaratory relief against Defendant Wilson in her official capacity. Plaintiff also posits that she does have standing for prospective declaratory and injunctive relief because she faces a real and immediate threat of repeated injury from Defendant Wilson. Regarding the Court lacking personal jurisdiction over Wilson due to insufficient service of process, Plaintiff argues that Wilson has constructive notice and that any technical defects in service may be cured[4]. Plaintiff next contends that she has plausibly alleged due process violations against Defendant Wilson based upon Wilson's alleged conduct prior to any juvenile court proceedings. Finally, Plaintiff disputes that qualified immunity is available to Defendant Wilson in her individual capacity.

A.    Motion to Dismiss Standards.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may challenge a court's subject matter jurisdiction. Rule 12(b)(1) motions come in two varieties: facial attacks and factual attacks. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). A facial attack on subject matter jurisdiction "goes to the question of whether the plaintiff has alleged a basis for subject

---

[4] As noted above, Plaintiff has filed a motion to reissue service on Defendant Wilson in her official capacity. (D.E. 35.)

matter jurisdiction . . . ." *Id.* When a party asserts a facial attack, the court must "take[] the allegations in the complaint as true . . . ." *Id.* A factual attack on subject matter jurisdiction "challenges the factual existence of subject matter jurisdiction." *Id.* at 759. When a party asserts a factual attack, "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* at 759–60.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must treat all of the well– pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the pleading party. *Elec. Merchant Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023) (citing *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019)). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Fisher v. Perron*, 30 F.4th 289, 294 (6th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "(1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought." Fed. R. Civ. P. 8(a). "That's it. By listing these elements, Rule 8 implicitly 'excludes other requirements that must be satisfied for a complaint to state a claim for relief.'" *Gallivan v. United States*, 943 F.3d 291, 293 (6th Cir. 2019) (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 10, at 107 (2012) (other citation omitted). Rule 8's notice pleading standard does not require "detailed factual allegations." *Iqbal*, 556 U.S. at 681.

However, Rule 8 does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. "Although the rule encourages brevity," a plaintiff must

nevertheless "say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (citing *Dura Pharm. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)). "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 687. In order to state a claim for relief, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This means, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Smith v. Gen. Motors LLC*, 988 F.3d 873, 877 (6th Cir. 2021) (citing *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) ("A complaint must contain enough 'factual matter' to raise a 'plausible' inference of wrongdoing.") (quotation omitted).

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th

Cir. 2003)(affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Defendant Wilson moves for dismissal of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Since the Rule 12(b)(6) motion is moot if there is no subject matter jurisdiction, *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990), a court is "bound to consider the 12(b)(1) motion first."

B.      Official Capacity Claims.

The Court must first consider Defendant Wilson's jurisdictional arguments regarding the official capacity claims brought against her because without jurisdiction, the Court may not consider her Rule 12(b)(6) motion and arguments. *Sinochem Int'l. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction" (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83 (1998))); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) ("we are bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction" (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946))).

Defendant Wilson's sovereign immunity argument falls within the scope of Rule 12(b)(1). "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citation omitted).

Although the Constitution does not provide directly for any right of action, Congress enacted 42 U.S.C. § 1983, which "creates a right of action for the vindication of constitutional guarantees." *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990). But § 1983 does not waive State sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). And the State of Tennessee has not waived it either. Tenn. Code Ann. § 20-13-102(a); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986).

However, an exception under *Ex parte Young* allows a plaintiff to seek prospective relief against a state official in his or her official capacity to end a continuing violation of federal law that is being committed by that state official. *Young,* 209 U.S. 123 (1908). "But [this] exception applies only when a plaintiff seeks and clearly alleges 'prospective' equitable relief to stop 'a continuing violation of federal law.'" *Josephson v. Ganzel*, 115 F.4th 771, 782 (6th Cir. 2024) (quoting *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023)). This requires only "a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "The focus of the inquiry remains on the allegations only; it 'does not include an analysis of the merits of the claim.'"

8

*League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008) (quoting *Verizon Md., Inc.,* 535 U.S. at 646, 122 S.Ct. 1753, 152 L.Ed.2d 871). Complaints "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to [the plaintiff]" do not implicate the doctrine. *Gean v. Hattaway,* 330 F.3d 758, 776 (6th Cir. 2003).

This "straightforward inquiry" leads the undersigned to find that Plaintiff has not alleged an ongoing violation of federal law. In her Second Amended Complaint, Plaintiff alleges:

> On or around April 1, 2025, DCS caseworker Bethany Wilson visited Plaintiff and found no imminent danger or exigent circumstances. Plaintiff and her child remained together. A week later, Wilson returned and falsely told Plaintiff that a court order was in effect requiring the removal of her child. Wilson later admitted no court order had been entered at the time, and coerced Plaintiff to sign over custody under duress. Plaintiff and her daughter passed all drug screenings. On May 8, 2025, Plaintiff's daughter was returned to her custody, only after this suit had been filed. The removal violated Plaintiff's rights under the Fourteenth Amendment, including procedural and substantive due process and familial integrity.

(2d Am. Compl., D.E. 12 at p. 4, ¶¶ 22-27.) As the harmful conduct Plaintiff complains of occurred in the past and she makes no allegation of ongoing conduct, she cannot avail herself of the sovereign immunity exception *Ex parte Young* provides. As such, it is recommended that the Court find that Plaintiff's official capacity claim against Defendant Wilson is subject to Eleventh Amendment sovereign immunity. Because the Court lacks subject matter jurisdiction over the official capacity claim against Defendant Wilson, the Court need not decide Defendant Wilson's arguments that she was improperly served with process in her official capacity, or whether Plaintiff stated a claim against her in her official capacity.

C.    Individual Capacity Claims.

Next, Defendant Wilson contends that Plaintiff has failed to state claim upon which relief may be granted in her individual capacity and, alternatively, that she is entitled to qualified

9

immunity. In her Second Amended Complaint, Plaintiff alleges that Wilson deprived her of due process by removing her daughter from her custody. (D.E. 12 at p. 4 ¶¶ 22-27, p. 5 ¶¶ 32-24.) Plaintiff contends that the removal amounted to both substantive and procedural due process violations.

Section 1983 provides a cause of action against any person who subjects "any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights [or] privileges secured by the Constitution and laws[.]" 42 U.S.C. § 1983. A plaintiff bringing suit under the statute must demonstrate that "[s]he was denied a constitutional right, and that the deprivation was caused by a defendant acting under color of state law." *Carl v. Muskegon Cnty.,* 763 F.3d 592, 595 (6th Cir.2014).

An individual defendant may be immune from suit under § 1983 under certain circumstances. *See Alkire v. Irving,* 330 F.3d 802, 810–11 (6th Cir.2003). "Qualified immunity shields [state actors] from [§] 1983 constitutional torts so long as the [actors] did not violate the clearly established constitutional rights of the claimant." *Krause v. Jones,* 765 F.3d 675, 678 (6th Cir. 2014). "Qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Benison v. Ross,* 765 F.3d 649, 664 (6th Cir. 2014) (internal quotation marks omitted). If a defendant asserts qualified immunity, the plaintiff bears the burden of showing that (1) considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) that right was clearly established at the time of the defendant's conduct. *Benison,* 765 F.3d at 664; *Bletz v. Gribble,* 641 F.3d 743, 750 (6th Cir. 2011). The court has discretion over which question to tackle first. *Range v. Douglas,* 763 F.3d 573, 587 (6th Cir.2014).

10

In order for a right to be "clearly established," "the contours of the right must be sufficiently clear that a reasonable officer would understand that what [she] is doing violates that right." *Benison,* 765 F.3d at 664 (quoting *Bell v. Johnson,* 308 F.3d 594, 601–02 (6th Cir. 2002)). "[I]n light of preexisting law[,] the unlawfulness [of the act] must be apparent." *Andrews v. Hickman Cnty., Tenn.,* 700 F.3d 845, 853 (6th Cir. 2012). The issue of qualified immunity is essentially a legal question to be determined by the court. *Everson v. Leis,* 556 F.3d 484, 494 (6th Cir. 2009).

Plaintiff brings her constitutional claim against Defendant Wilson under the Fourteenth Amendment's Due Process Clause. The Due Process Clause of the Fourteenth Amendment provides that "[no] State [shall] deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. "Parents have a fundamental liberty interest in family integrity—including the right to the care, custody and control of their children—that is protected by the substantive and procedural due process guarantees of the Fourteenth Amendment." *Young v. Vega,* 574 F. App'x 684, 689–90 (6th Cir. 2014). This right is "neither absolute nor unqualified," and is "limited by an equally compelling governmental interest in the protection of children." *Id.* at 690 (quoting *Kottmyer v. Maas,* 436 F.3d 684, 690 (6th Cir. 2006)).

Substantive due process claims come in two flavors: (1) the "deprivation of a particular constitutional right" and (2) "conduct that shocks the conscience." *Id.* Under the former, "substantive due process provides that, irrespective of the constitutional sufficiency of the processes afforded, government may not deprive individuals of fundamental rights unless the action is necessary and animated by a compelling purpose." *Pittman,* 640 F.3d at 728–29 (quoting *Bartell v. Lohiser,* 215 F.3d 550, 557–58 (6th Cir. 2000)). With respect to the latter, "[c]onduct shocks the conscience if it violates the decencies of civilized conduct." *Range,* 763 F.3d at 589 (internal quotation marks omitted). "Such conduct includes actions so brutal and offensive that

they do not comport with traditional ideas of fair play and decency." *Id.* at 589–90 (internal quotation marks omitted). Plaintiff alleges that her fundamental right to parent/familial integrity has been violated and that Defendant Wilson's conduct shocked the conscience.

Plaintiff's substantive due process claim based on the removal of her daughter from her custody must fail. Juvenile courts, not DCS workers, have the ultimate decision-making power concerning removal of a child and only it can deprive a parent of such a fundamental right. *See Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 729 (6th Cir. 2011) (stating "[b]ecause the juvenile court has the ultimate decisionmaking power with respect to placement and custody, it alone could deprive [plaintiff] of his fundamental right). Here, Defendant Wilson has submitted an order from the Juvenile Court of Benton County,[5] entered on April 8, 2025, that ordered Plaintiff's daughter to be removed from her custody and placed into protective custody. (D.E. 25-1.) As there was no violation of Plaintiff's substantive due process right to parent based on Defendant Wilson's conduct, she is entitled to qualified immunity on this claim.

Plaintiff also asserts a procedural due process claim. Procedural due process principles protect persons from deficient procedures that lead to the deprivation of cognizable liberty interests." *Pittman,* 640 F.3d at 729. To demonstrate a violation of procedural due process rights, a plaintiff must show "(1) that [s]he] was deprived of a protected liberty or property interest, and (2) that such deprivation occurred without the requisite due process of law." *Id.* (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.,* 470 F.3d 286, 296 (6th Cir. 2006)). "Due process requires that when a State seeks to terminate a protected interest, it must afford notice and opportunity for hearing appropriate to the nature of the case before the

---

[5] A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

termination becomes effective." *Id.* (quoting *Bell v. Burson,* 402 U.S. 535, 542 (1971)) (internal alterations & quotation marks omitted). With respect to a temporary deprivation of physical custody of a child, the constitution demands a hearing within a reasonable time. *Eidson v. State of Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 636 (6th Cir. 2007).

Here, Plaintiff was afforded a hearing on May 8, 2025, in the Juvenile Court of Benton County, Tennessee. (D.E. 25-2.) At that hearing, she stipulated that her child was dependent and neglected, and her child was returned to her in a trial home visit. *Id*. As Plaintiff was provided a hearing in juvenile court, she was not deprived of her procedural due process. Thus, Defendant Wilson is entitled to qualified immunity as to this claim.

### III.  Motion to Reissue Process

As discussed above, the Court lacks subject matter over Defendant Wilson in her official capacity pursuant to the Eleventh Amendment. As such, reissuing process and directing that U.S Marshal re-serve Defendant Wilson in her official capacity would be futile. Therefore, Plaintiff's motion to reissue service of process (D.E. 35) should be DENIED AS MOOT.

### IV.  Motion for Preliminary Injunction

Plaintiff also filed a second motion for preliminary injunction and request for expedited relief. (D.E. 28.) The second motion for preliminary injunction and request for expedited relief appears to be the same motion for preliminary injunction that she previously filed and then withdrew. (D.E. 7, 9.) Plaintiff's allegation that her daughter remains in DCS custody is in stark contrast to her allegation in her Second Amended Complaint that her daughter was returned to her on May 8, 2025. (D.E. 12 at 4, ¶ 26, PageID 74.) Plaintiff also fails to offer any explanation as to how the circumstances have changed from when she filed a Notice with the Court on May 11, 2025, advising that she had been reunified with her daughter which rendered moot the injunctive

13

relief she sought at the time, and the same injunctive relief she currently seeks. Accordingly, Plaintiff's second motion for a preliminary injunction and expedited relief should be DENIED.

### V. Recommendation

For these reasons, it is recommended that Defendant Bethany Wilson's motion to dismiss be granted, Plaintiff Tiffany Hensley's motion to reissue process be denied, and her second motion for preliminary injunction and expedited relief be denied.

Respectfully submitted, this the 12th day of March, 2026.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  SEE 28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**